**NOT FOR PUBLICATION** (Docket Nos. 23, 26)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
_____
ROBERT STONE, Derivatively    :
o/b/o Nominal Defendant       :
ULTICOM, Inc.                 :
                              :
        Plaintiff,            :
                              :
        v.                    :   Civil No. 06-CV-3120 (RBK)
                              :
SHAWN K. OSBORNE, et al.,     :
                              :
        Defendants,           :
                              :
and                           :
                              :
ULTICOM, INC.,                :
                              :
        Nominal Defendant.    :
_____:
```

**O P I N I O N**

**Kugler**, United States District Judge:

Before the Court is a motion by Defendant Ulticom, Inc. to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 23.1 and New Jersey Court Rule 4:32-3. For the reasons provided below, the Court grants Defendant Ulticom's motion to dismiss the complaint in its entirety.

**I. BACKGROUND**

Shareholder Plaintiff Robert Stone ("Plaintiff") brought this action on behalf of Nominal Defendant Ulticom, Inc. ("Ulticom"). Plaintiff alleges that the Compensation Committee

1

granted Ulticom stock options to officers that were improperly backdated to a date just after a sharp drop and just before a substantial rise in Ulticom's stock price.  (Compl. ¶ 29.)  The backdating resulted in option grants with lower exercise prices, which increased the value of the options to the officers and reduced the amount the officers had to pay Ulticom upon exercise of the options.  (Compl. ¶ 30.)  Plaintiff alleges that this process violated the terms of Ulticom's stock option plans, Generally Accepted Accounting Principles ("GAAP"), Internal Revenue Code § 162(m), and, as a result, caused Ulticom to report false and misleading statements.  (Compl. ¶¶ 31-33.)  Plaintiff alleges that the individual defendants, Osborne, Kissman, Alexander, Baker, Chill, Hiram, Koren, Kreinberg, McWilliams, and Robinson (collectively "Individual Defendants"), as senior officers and/or directors of Ulticom, exercised their power and influence to cause Ulticom to engage in the fraud.  (Compl. ¶¶ 18-19.)

In the complaint, Plaintiff concedes that he did not demand that the Ulticom Board of Directors bring this action against the Individual Defendants. (Compl. ¶ 45)   Rather, Plaintiff argues that demand would be futile because the Individual Defendants are incapable of making an independent and disinterested decision to prosecute the action.  (Id.)  The allegations are limited to the following: Defendant Hiram was likely substantially liable

because he was on the Compensation Committee  (Compl. ¶ 46), Defendant Osborne lacks independence because he received backdated options (Compl. ¶ 49), Defendants Osborne and Robinson lack independence as current officers of the company (Compl. ¶ 50), and Defendant McWilliams lacks independence as a former officer (Compl. ¶ 51).  Additionally, Plaintiff alleges that Defendants Baker, Robinson, and Hiram lack independence because they are affiliated with Comverse Technology, Inc. ("Comverse"), Ulticom's majority shareholder.  (Compl. ¶ 52.)  Plaintiff further alleges that Defendants Baker, Robinson, Alexander, and Kreinberg lack independence as directors of Verint Systems, Inc. ("Verint"), a majority of which Comverse owns.  (Compl. ¶ 53.) Eight directors currently comprise the board: Defendants Osborne Baker, Chill, Hiram, Koren, McWilliams, and Robinson.[1]   (Compl. ¶ 44.)

    Defendant Ulticom moves to dismiss, asserting that Plaintiff did not adequately plead demand futility.  Plaintiff's opposition papers were due to this Court on December 1, 2006.  On January 12, 2007, Plaintiff moved for leave to file out of time. Plaintiff's counsel represents that, despite his status as an e-filer on the electronic docketing system, he did not receive

---

[1] Raz Alon is the eighth director, but is not a defendant in this action.

Ulticom's motion to dismiss.[2] However, Defendant's counsel presented evidence that Plaintiff's counsel received e-mail notice when the motion to dismiss was filed. (Def.'s Resp. to Pl.'s Mot. for Leave to File Out of Time Exhibits A-B.) Plaintiff's counsel neither denied this statement, nor amended his representation that he never received notice. In the face of such contradictory evidence, Plaintiff's counsel is obliged to do more than remain silent. RPC 3.3(a)(1),(4),(5). Because of this failure, the Court denies Plaintiff's Motion for Leave to File out of Time.[3]

## II. STANDARD OF REVIEW

"Complaints in derivative actions must aver that the requirements of Rule 23.1 are met." Banks v. Whyte, No. 94-0711, 1994 WL 418997, at *2 (E.D. Pa. Aug. 9, 1994). If the complaint fails to do so, a motion to dismiss under Rule 12(b)(6) is

---

[2] Even assuming this is true, the Court notes that attorneys have a duty to monitor the dockets of their cases. See Sheinberg v. Sorensam, No. 00-6041, WL 2007 496872, at *3 ( D.N.J. Feb. 8, 2007) (citing Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (C.A.D.C. 2004) ("In defending their failure to ... [timely file the opposition], the appellants offer nothing but an updated version of the classic 'my dog ate my homework' line. . . . Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.").

[3] Furthermore, because the Court grants Ulticom's motion to dismiss, Plaintiff's motion is denied as moot. Vestcom Int'l, Inc. v. Chopra, 114 F. Supp. 2d 292, 296 (D.N.J. 2000)(holding that under Article III, a district court "lacks subject matter jurisdiction over a [claim] that is moot").

appropriate.  Id.

In reviewing a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief.  Burstein v. Ret. Account Plan of Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d. Cir. 2003) (citation omitted).

### III.  DISCUSSION

A shareholder derivative suit is one in which a shareholder asserts a claim belonging to the corporation on the corporation's behalf.  In re Prudential Ins. Co. Derivative Litig., 659 A.2d 961, 970 (N.J. Super. App. Div. 1995).  Because the decision to bring a lawsuit or to refrain from litigating a claim on behalf of the corporation is normally the responsibility of the directors, derivative suits can impinge on managerial freedom and the exercise of business judgment.  Blasband v. Rales, 971 F.2d 1034, 1047 (3d Cir. 1992); In re PSE&G S'holder Litig., 801 A.2d 295, 309 (N.J. 2002).  Accordingly, shareholders initiating derivative suits must "plead with particularity either the efforts made to spur directors to take the action sought...or the

5

reasons why no effort was made to demand action of the board." Kanter v. Barella, No. 05-5398, 2007 WL 1519894, at *2 (3d Cir. May 25, 2007).  A court may excuse the requirement if plaintiff pleads, with particularity, facts that establish demand futility. Id.  See also In re Cendant Corp. Derivative Litig., 189 F.R.D. 117, 127 (D.N.J. 1999))(quoting Kamen v. Kemper, 500 U.S. 90, 96 (1991)) (demand should be "excused by extraordinary conditions").

Federal Rule of Civil Procedure 23.1 establishes threshold pleading requirements, but the "substantive requirements of demand" are determined by state law.  Blasband, 971 F.2d at 1047 (citing Kamen, 500 U.S. at 96-97 (1991).  New Jersey Court Rule 4:32-3,[4] like Federal Rule of Civil Procedure 23.1, provides that a shareholder plaintiff must make a pre-suit demand on the board of directors, excused only where demand would be futile.  See also In re Merck & Co., Nos. 05-1151, 05-2368, 2006 WL 1228595, at *9 (D.N.J. May 5, 2006) (holding that the particular allegations must establish that a majority of the directors at the time the complaint was filed were incapable of impartially considering a demand upon the board); In re PSE&G S'holder Litig., 801 A.2d at 312 (stating that demand is excused only where plaintiff pleads particular facts demonstrating extraordinary conditions).

---

[4] Defendant's counsel cites N.J. Court Rule 4:32-5, which is Rule 4:32-3 in the 2007 edition.

New Jersey follows the standard for demand futility set forth by the Delaware Supreme Court in Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984). See Kanter, 2007 WL 1519894, at *3; In re PSE & G S'holder Litig., 801 A.2d at 310. For a shareholder plaintiff to withstand a motion to dismiss for failure to make a demand, the complaint must "plead with particularity facts creating a reasonable doubt that: (1) the directors are disinterested and independent, or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." Id. (citing Aronson, 473 A.2d at 814). Demand is excused under New Jersey Court Rule 4:32-3 if either prong is satisfied. Id. While the first prong scrutinizes whether the board was sufficiently independent and disinterested to objectively consider a pre-suit demand, the second prong considers the problem of corporate boards asked to sue themselves. In re Merck & Co., 2006 WL 1228595, at *7. A derivative complaint can go forward under the second prong where the board is independent and disinterested, yet the threat of director liability is substantial enough to cast doubt over the directors' impartiality. Id. However, the second prong is only applicable to derivative suits challenging a board decision, not derivative suits alleging board inaction. Id. at *8 (citing Aronson, 473 A.2d at 813). Shareholder plaintiffs alleging inaction can only demonstrate demand futility by pleading

7

particular facts that create a reasonable doubt that a majority of the board is not independent and disinterested. Id. (citing Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993)).

Aronson further sets forth criteria to determine whether a director is independent and disinterested. 473 A.2d at 812. A director is interested when he or she receives a personal financial benefit from a transaction that is not equally shared by the corporation, or where a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders. In re Merck & Co., 2006 WL 1228595, at *9 (citing Aronson, 473 A.2d at 812; Rales, 634 A.2d at 936). Substantial likelihood of personal liability also creates a reasonable doubt that a director is independent and disinterested, but the mere "threat of personal liability is insufficient to create a disabling interest for a director considering a pre-suit demand." Id. (citing Aronson, 473 A.2d at 815). Similarly, "the fact that a director is also an officer, without more, is insufficient to establish the director's interest or lack of independence." Fagin v. Gilmartin, 432 F.3d 276, 283 (3d Cir. 2005). Nor are former officers per se interested. See Orman v. Cullman, 749 A.2d 5, 27 (Del. Ch. 2002) (holding that a previous business relationship does not overcome the presumption of independence). Accordingly, courts will not excuse demand where it is alleged that the directors are self-

interested only because they do not want to sue themselves, friends, or business associates. In re Prudential Ins. Co. Derivative Litig., 659 A.2d at 972.

In this case, Plaintiff fails to plead particular facts establishing that, at the time Plaintiff filed the complaint, a majority of the directors were unable to exercise independent and disinterested business judgment.  Plaintiff does plead that director Hiram was a member of the Compensation Committee. (Compl. ¶ 46.)  Hiram thus has a substantial likelihood of personal liability, and accepting all allegations and reasonable inferences as true as required when considering a motion to dismiss, Plaintiff establishes that Hiram may be interested. Similarly, Plaintiff pleads that director Osborne received backdated stock options.  Even though Plaintiff does not establish that Osborne exercised the options, the Complaint sufficiently establishes Osborne's interest because he may have received financial benefit from the transaction at suit.

But Plaintiff does not demonstrate with particular facts that a majority of the directors at the time Plaintiff filed the complaint (in this case, five) were interested parties. Plaintiff relies on boilerplate allegations to demonstrate the interest of the remainder of directors.  Directors Osborne and Robinson are alleged to lack independence to bring this action against the Individual Defendants merely because they are current

9

officers of the Company.  Director McWilliams is similarly alleged to lack independence to bring this action against the Individual Defendants because he was a former officer of the Company.  Neither assertion is enough to overcome the presumption of independence because present and former officers are not per se interested.  Furthermore, Plaintiff relies on Directors Alexander, Kreinberg, Baker, Koren, Robinson, and Hiram's positions and former positions with Comverse, Ulticom's majority shareholder, and Verint, majority-owned by Comverse.  These connections only allude to a threat of personal liability.  Moreover, the possibility of suing oneself or business associates is insufficient to establish interest.  Therefore, Plaintiff does not plead facts that rebut the presumption of disinterest and independence in a majority of the directors.

**IV. CONCLUSION**

For the reasons set forth above, this Court grants Ulticom's motion to dismiss.  Because Plaintiff did not make a pre-suit demand on Ulticom's Board of Directors, he needed to allege with particularity that demand would be futile.  However, Plaintiff failed to plead particular facts necessary to cast doubt on the presumption of director independence.  The complaint is therefore dismissed pursuant to Federal Rule of Civil Procedure 23.1 and New Jersey Court Rule 4:32-3.

```
Dated: June 19, 2007                    s/ Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
```