**NOT FOR PUBLICATION** (Docket No. 41)

```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                      CAMDEN VICINAGE
_____
ROBERT STONE and WILLIAM       :
GABBARD, Derivatively          :
o/b/o Nominal Defendant        :
ULTICOM, INC.                  :
                               :
          Plaintiffs,          :
                               :
          v.                   :   Civil No. 06-CV-3120 (RBK)
                               :
SHAWN K. OSBORNE, et al.,      :
                               :
          Defendants,          :
                               :
and                            :
                               :
ULTICOM, INC.,                 :
                               :
          Nominal Defendant.   :
_____ :
```

**O P I N I O N**

**Kugler**, United States District Judge:

Before the Court is a motion by Defendant Ulticom, Inc. to dismiss Plaintiffs' Consolidated Derivative Complaint pursuant to Federal Rule of Civil Procedure 23.1 and New Jersey Court Rule 4:32-3.  On June 19, 2007, this Court granted Nominal Defendant Ulticom's initial motion to dismiss Plaintiff Robert Stone's Shareholder Derivative Complaint.  However, this Court overlooked that The Honorable Joel Schneider, U.S.M.J., consolidated Plaintiffs' Robert Stone and William Gabbard's separate actions on March 20, 2007.  Plaintiffs Stone and Gabbard filed their Consolidated Complaint on April 10, 2007, superseding Plaintiffs'

1

initial separate complaints and rendering moot Ulticom's initial motion to dismiss.  Ulticom moved to dismiss Plaintiffs' Consolidated Complaint on May 10, 2007, Plaintiffs filed their opposition on June 11, 2007, and Ulticom filed a reply to Plaintiffs' opposition on June 26, 2007.  On June 26, 2007, this Court vacated the June 19, 2007 Opinion and Order.  For the reasons provided below, this Court grants Ulticom's motion to dismiss the Consolidated Complaint in its entirety.

**I. BACKGROUND**

Lead Plaintiffs Robert Stone and William Gabbard ("Plaintiffs") filed this Consolidated Derivative Complaint (the "Complaint") on behalf of Nominal Defendant Ulticom, Inc. ("Ulticom").[1]  Plaintiffs allege that defendants Osborne, Kissman, Alexander, Baker, Hiram, Koren, Kreinberg, McWilliams, and Sorin (collectively, the "Individual Defendants"), colluded to grant "improperly backdate[d]" stock options to executives and senior officers. (Compl. ¶ 18.)  Plaintiffs contend that the option recipients were able to purchase company stock at artificially low exercise prices; the recipients thus paid less than fair market value for the stock and Ulticom received less money than it should have from the sale of the stock.  (Compl. ¶ 4.)  Plaintiffs allege that backdating violated the terms of

---

[1] Plaintiffs originally filed separate cases, consolidated on April 10, 2007; here the Court deals with a consolidated complaint containing changes and additions to the initial separate complaints.

2

Ulticom's stock option plans, Generally Accepted Accounting Principles ("GAAP"), Internal Revenue Code § 162(m), and, as a result, caused Ulticom to report false and misleading statements. (Compl. ¶ 18.)  As a result, Plaintiffs claim that Ulticom sustained hundreds of thousands of dollars in damages, and the recipients of the backdated options garnered hundreds of thousands of dollars in unlawful proceeds.  (Compl. ¶ 19.)

Plaintiffs concede that they did not demand that the Ulticom Board pursue the alleged claims, but argue that demand would be futile. (Compl. ¶ 116.)  At the time Plaintiffs filed the Complaint, the Ulticom Board consisted of defendants Osborne, Baker, Hiram, Koren, and McWilliams (collectively, the "Director Defendants"), and non-defendants Alon, Chill, and Robinson. (Id.)  Plaintiffs argue that demand would be futile because the Director Defendants face a substantial likelihood of liability and are therefore in no position to render a disinterested and independent judgment to pursue the claim.  (Compl. ¶ 117.)

Plaintiffs allege that demand is excused because the directors would be forced to sue themselves (Compl. ¶ 117), the directors knew about the alleged conduct (Compl. ¶ 122), one current officer sits on the board (Compl. ¶ 126), certain directors signed financial statements that are alleged to be false (Compl. ¶¶ 123-24), and certain directors have relationships with Ulticom's majority shareholder Comverse Technology, Inc. ("Comverse") and Verint Systems, Inc.

("Verint"), majority owned by Comverse (Compl. ¶¶ 127-30). Specifically, Plaintiffs plead that the directors have debilitating interests because 1) Osborne and McWilliams received backdated stock options (Compl. ¶ 118), 2) Hiram and McWilliams knowingly and deliberately participated in and approved of the backdating scheme as members of the Stock Option Committee (Compl. ¶ 119), 3) Hiram and McWilliams further participated in issuing false financial statements as members of the Audit Committee (Compl. ¶ 120), 4) Osborne, Baker, Hiram, Koren, and McWilliams breached their fiduciary duties by failing to ensure that information and reporting were accurate (Compl. ¶¶ 121-22), 5) President and CEO Osborne is beholden to the other Director Defendants for the continuation of his employment and annual salary, bonuses, and other compensation (Compl. ¶ 126), 6) Baker, Hiram, Koren, Alon, and Robinson, due to their ties to Comverse, have inter-related business, professional, and personal relationships (Compl. ¶ 128), 7) Baker and Robinson, due to their ties to Verint, have business, professional, and personal relationships with Defendants Alexander and Kreinberg (Compl. ¶ 129), and 8) Chill has a business, professional, and personal relationship with Defendant Kreinberg (Compl. ¶ 130).

In their motion to dismiss, Defendant Ulticom asserts that the Complaint's allegations fail to meet the strict requirement pursuant to Federal Rule of Civil Procedure 23.1 and New Jersey Court Rule 4:32-3 that a plaintiff plead particular facts that

demonstrate why demand would be futile. In their opposition, Plaintiffs argue that the allegations create a reason to doubt that a majority of the directors would have been disinterested and independent when considering demand. Alternatively, Plaintiffs request leave to amend to correct any pleading defects this Court may identify.

## II. STANDARD OF REVIEW

"Complaints in derivative actions must aver that the requirements of Rule 23.1 are met." Banks v. Whyte, No. 94-0711, 1994 WL 418997, at *2 (E.D. Pa. Aug. 9, 1994). If the complaint fails to do so, a motion to dismiss under Rule 12(b)(6) is appropriate. Id.

In reviewing a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief. Burstein v. Ret. Account Plan of Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d. Cir. 2003) (citation omitted).

## III. DISCUSSION

### A. Demand Requirement

A shareholder derivative suit is one in which a shareholder

5

Case 1:06-cv-03120-RBK-JS   Document 48   Filed 07/16/07   Page 6 of 12 PageID: 475

asserts a claim belonging to the corporation on the corporation's behalf.  In re Prudential Ins. Co. Derivative Litig., 659 A.2d 961, 970 (N.J. Super. App. Div. 1995).  Because the decision to bring a lawsuit or to refrain from litigating a claim on behalf of the corporation is normally the responsibility of the directors, derivative suits can impinge on managerial freedom and the exercise of business judgment.  Blasband v. Rales, 971 F.2d 1034, 1047 (3d Cir. 1992); In re PSE&G S'holder Litig., 801 A.2d 295, 309 (N.J. 2002).  Accordingly, shareholders initiating derivative suits must "plead with particularity either the efforts made to spur directors to take the action sought. . .or the reasons why no effort was made to demand action of the board."  Kanter v. Barella, No. 05-5398, 2007 WL 1519894, at *2 (3d Cir. May 25, 2007).  A court may excuse the requirement if plaintiff pleads, with particularity, facts that establish demand futility.  Id.; see also In re Cendant Corp. Derivative Litig., 189 F.R.D. 117, 127 (D.N.J. 1999)(quoting Kamen v. Kemper, 500 U.S. 90, 96 (1991) (demand should be "excused by extraordinary conditions")).

 Federal Rule of Civil Procedure 23.1 establishes threshold pleading requirements, but the "substantive requirements of demand" are determined by state law.  Blasband, 971 F.2d at 1047 (citing Kamen, 500 U.S. at 96-97 (1991)).  New Jersey Court Rule 4:32-3,[2] like Federal Rule of Civil Procedure 23.1, provides that

---

[2] Defendant's counsel cites N.J. Court Rule 4:32-5, which is Rule 4:32-3 in the 2007 edition.

6

a shareholder plaintiff must make a pre-suit demand on the board of directors, excused only where demand would be futile.  See In re Merck & Co., Nos. 05-1151, 05-2368, 2006 WL 1228595, at *9 (D.N.J. May 5, 2006) (holding that the particular allegations must establish that a majority of the directors at the time the complaint was filed were incapable of impartially considering a demand upon the board)(emphasis added); In re PSE&G S'holder Litig., 801 A.2d at 312 (stating that demand is excused only where plaintiff pleads particular facts demonstrating extraordinary conditions).

New Jersey follows the standard for demand futility set forth by the Delaware Supreme Court in Aronson v. Lewis, 473 A.2d 805, 814 (Del. 1984).  See Kanter, 2007 WL 1519894, at *3; In re PSE & G S'holder Litig., 801 A.2d at 310.  For a shareholder plaintiff to withstand a motion to dismiss for failure to make a demand, the complaint must "plead with particularity facts creating a reasonable doubt that: (1) the directors are disinterested and independent, or (2) the challenged transaction was otherwise the product of a valid exercise of business judgment."  Id. (citing Aronson, 473 A.2d at 814).  Demand is excused under New Jersey Court Rule 4:32-3 if either prong is satisfied.  Id.  While the first prong scrutinizes whether the board was sufficiently independent and disinterested to objectively consider a pre-suit demand, the second prong

considers the problem of corporate boards asked to sue themselves. In re Merck & Co., 2006 WL 1228595, at *7. A derivative complaint can go forward under the second prong where the board is independent and disinterested, yet the threat of director liability is substantial enough to cast doubt over the directors' impartiality. Id. However, the second prong is only applicable to derivative suits challenging a board decision, not derivative suits alleging board inaction. Id. at *8 (citing Aronson, 473 A.2d at 813). Shareholder plaintiffs alleging inaction can only demonstrate demand futility by pleading particular facts that create a reasonable doubt that a majority of the board is not independent and disinterested. Id. (citing Rales v. Blasband, 634 A.2d 927, 934 (Del. 1993)).

Aronson further sets forth criteria to determine whether a director is independent and disinterested. 473 A.2d at 812. A director is interested when he or she receives a personal financial benefit from a transaction that is not equally shared by the corporation, or where a corporate decision will have a materially detrimental impact on a director, but not on the corporation and the stockholders. In re Merck & Co., 2006 WL 1228595, at *9 (citing Aronson, 473 A.2d at 812; Rales, 634 A.2d at 936). Substantial likelihood of personal liability also creates a reasonable doubt that a director is independent and disinterested, but the mere "threat of personal liability is insufficient to create a disabling interest for a director

8

considering a pre-suit demand." Id. (citing Aronson, 473 A.2d at 815). Similarly, "the fact that a director is also an officer, without more, is insufficient to establish the director's interest or lack of independence." Fagin v. Gilmartin, 432 F.3d 276, 283 (3d Cir. 2005). Nor are former officers per se interested. See Orman v. Cullman, 749 A.2d 5, 27 (Del. Ch. 2002) (holding that a previous business relationship does not overcome the presumption of independence). Accordingly, courts will not excuse demand where it is alleged that the directors are self-interested only because they do not want to sue themselves, friends, or business associates. In re Prudential Ins. Co. Derivative Litig., 659 A.2d at 972.

In this case, Plaintiffs fail to plead particular facts establishing that, at the time Plaintiffs filed the complaint, a majority of the directors were unable to exercise independent and disinterested business judgment. Plaintiffs' allegation that Osborne and McWilliams received backdated stock options (Compl. ¶ 118) establishes a disabling interest due to personal financial benefit. The Court notes, however, that Osborne is not per se interested because he is an officer. Hiram, who served on the Stock Option and Audit Committees (Compl. ¶¶ 119-20), faces a substantial likelihood of liability. Accepting all allegations and reasonable inferences as true as required when considering a motion to dismiss, Plaintiffs create reason to doubt the presumption that Hiram is disinterested and independent.

9

McWilliams also served on these committees (Id.), and is similarly interested.

But Plaintiffs do not establish that a *majority* of the directors at the time Plaintiffs filed the complaint (in this case, five) had disabling interests. Plaintiffs rely on boilerplate allegations to demonstrate the interest of the remainder of directors. They allege that directors would be forced to sue themselves, but this is insufficient to establish a disabling interest. Plaintiffs further allege that each director faces a substantial likelihood of liability for failing to ensure that reliable systems of financial controls and reporting were functioning effectively. (Compl. ¶ 122). However, this broad allegation merely alludes to a threat of personal liability. Plaintiffs also plead that directors Baker, Koren, Alon, and Robinson are interested based on their positions and former positions with Comverse (Compl. ¶ 128), and directors Baker and Robinson are interested based on their ties to Verint (Compl. ¶ 129). But the Complaint does not allege wrongdoing at Comverse or Verint. Instead, Plaintiffs suggest that inter-related professional and social relationships create a disabling interest. But the possibility of suing oneself or business associates is insufficient to establish interest. Likewise, director Chill's relationship with defendant Kreinberg does not establish a disabling interest. Therefore, Plaintiff only pleads facts that rebut the presumption of disinterest and independence

10

in three directors, falling short of the pleading requirement.

**B. Leave to Amend**

In Plaintiffs' opposition to Defendant Ulticom's motion to dismiss, Plaintiffs alternatively request leave to amend their Complaint.  Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleadings only by leave of court or written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The trial court has the discretion to grant leave to amend.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u> 401 U.S. 321, 330 (1970).  The burden to demonstrate good cause to amend is on the movant. <u>Leased Optical Departments-Montgomery Ward, Inc. v. Opti-Center, Inc.</u>, 120 F.R.D. 476, 478 (D.N.J. 1988).

In this case, amendment to Plaintiffs' Complaint would be futile.  Plaintiffs must be aware, at the time a Complaint is filed, of particularized facts which lead them to believe demand would be futile.  <u>In re Merck & Co.</u>, 2006 WL 1228595, at *18. The demand requirement "would be rendered meaningless if a plaintiff who cannot establish demand futility when he files suit is nonetheless permitted to amend his pleading using materials later obtained. . . ."  <u>Id.</u>  Plaintiffs cannot "bolster their Complaint by asserting after-acquired factual allegations." <u>Id.</u> Here, Plaintiffs do not indicate that they will be able to give further precision to the current allegations without incorporating after-acquired materials.  Instead, Plaintiff's

11

suggest that they will rely on the Court's criticism of this Complaint. (Pl.'s Br. 24.)  Furthermore, as the Court noted in footnote 1, <u>supra</u>, the current Complaint is a Consolidated Complaint; it was filed after Ulticom's first motion to dismiss and contains changes and additions to the Plaintiffs' initial independent complaints.  Plaintiffs have thus already amended the Complaint attempting to sufficiently allege demand futility.  Accordingly, this Court denies Plaintiff's request for leave to amend their Complaint.

**IV. CONCLUSION**

For the reasons set forth above, this Court grants Ulticom's motion to dismiss.  Because Plaintiffs did not make a pre-suit demand on Ulticom's Board of Directors, they needed to allege with particularity that demand would be futile.  However, Plaintiffs failed to plead particular facts necessary to cast doubt on the presumption of director independence.  The complaint is therefore dismissed as to Defendant Ulticom pursuant to Federal Rule of Civil Procedure 23.1 and New Jersey Court Rule 4:32-3.  This Court further denies Plaintiffs' request for leave to amend their Complaint.

Dated: <u>7/16/2007</u>                    s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge